## AFFIDAVIT OF CLINTON A. COUCH
### United States v. Kimberly Dukes Ford
### Case Nos. 03:03-CR-135 and 03:04-CR-11

I, CLINTON ALAN COUCH, Attorney at Law, was appointed as defense counsel of record for KIMBERLY DUKES FORD in the above referenced matters pursuant to the Criminal Justice Act. I have been provided a copy of the Defendant's motion to vacate her sentence pursuant to 28 U.S.C. 2255 wherein she alleges I was ineffective as her legal counsel. I declare under the penalty of perjury the following is true and correct:

Ms. Ford was charged with conspiracy to distribute cocaine and money laundering. It was a scheme to move drugs and currency between Pensacola, Florida and Houston, Texas. Incriminating physical evidence was seized, her co-defendants were cooperating with the government, and she had substantially confessed to her role in the conspiracy. She was also cooperating with the government.

She timely pled guilty as charged and challenged those portions of the presentencing report she disputed. The challenges were overruled by the presiding judge. After sentencing, she and I discussed filing an appeal of those sentencing issues. She was, however, still cooperating with both the federal government and local officials in Houston. I suggested to her that if she adopted an adversarial position with regard to the government it may ultimately affect their decision in filing a Rule 35 motion. I also explained, on the other hand, that if she did not take the appeal now, she would not be able to do so later. I made sure she understood that

*Affidavit of Clinton A. Couch*
<u>US v. Ford</u>, 03:03-CR-135 and 03:04-CR-11

no one could guarantee that she would receive a motion to mitigate her sentence nor could anyone guarantee her success in the appeal. She said she understood. During the time I had represented Ms. Dukes, I had come to know her as an intelligent, sophisticated woman. I believe she thoroughly understood the ramifications of her decision. After careful thought and discussion, she elected to forego the appeal in hopes of earning the Rule 35 motion.

In fairness to Ms. Dukes, she did cooperate in the forfeiture of her home and its contents as well as provide information to both federal investigators and local law enforcement in Houston. I do not know the nature or quality of her assistance but I recall that *she* believed she would earn a Rule 35 motion. Nevertheless, I explained to her, and she acknowledged, that the ultimate decision rested solely in the hands of the U.S. Attorney.

I did not "fail to file an appeal" in her case. Instead, I carefully followed the instructions of my client not to file the appeal at her expressed request after a careful and thorough discussion of her rights and the potential risks. At no time did I promise her she would receive a Rule 35 nor am I aware of anyone else making such a promise. She was neither coerced nor deceived into making her decision.

Further Affiant saith not.

_6/6/2005_
Date

_____
CLINTON A. COUCH

***Affidavit of Clinton A. Couch***
<u>**US v. Ford**</u>**, 03:03-CR-135 and 03:04-CR-11**

**STATE OF FLORIDA**
**COUNTY OF ESCAMBIA**

**BEFORE ME,** the undersigned authority, personally appeared CLINTON A. COUCH, who being personally known to me, was duly sworn, deposes and says the foregoing is true and correct this 6th day of June, 2005.



LISA C. QUEEN
MY COMMISSION # DD 259406
EXPIRES: November 18, 2007
Bonded Thru Budget Notary Services

_____
NOTARY PUBLIC