IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                    3:03cr135/LAC & 3:04cr11/LAC
                                       3:05cv127/LAC/MD & 3:05cv129/LAC/MD

KIMBERLY DUKES FORD

---

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's identical motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 and supporting affidavit, filed in each of the above-styled cases.  (Case number 3:03cr135, doc. 31 & 32; case no. 3:04cr11, doc. 15, 16 & 17).  The government has filed a single response (Case number 3:03cr135, doc. 37; case no. 3:04cr11, doc. 21) and the defendant has filed a reply  (Case number 3:03cr135, doc. 40; case no. 3:04cr11, doc. 25).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

## I.  BACKGROUND

Defendant was charged in a single count indictment in case number 3:03cr135 with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine.  She was charged in a single count information in case number 3:04cr11 with conspiracy to commit money laundering.  On January 22, 2004, the defendant entered a

plead of guilty as charged in both cases pursuant to a written plea and cooperation agreement.  (Doc. 18).[1]  Defendant was represented by appointed counsel, Clinton A. Couch, Esq.   She was sentenced to a term of 231 months imprisonment in case 3:03cr135 and a 225 month term of imprisonment in case 3:04cr11, to be served concurrently.  (Case number 3:03cr135, doc. 22 & 23; case no. 3:04cr11, doc. 9 & 10).   Defendant did not appeal.

In the present motion, defendant raises two grounds for relief.  She contends that counsel was ineffective when he failed to file a notice of appeal, and alternatively that she was denied due process when the government "induced her to relinquish her right to appeal in exchange for a false promise of a Rule 35."   The government opposes the motion.

## II.  LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  As recently explained by the Eleventh Circuit, "[r]elief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).   "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."  *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7

---

[1]Henceforth, unless otherwise noted, all docket entries refer to case 3:03cr135/LAC.

L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  *Ferguson v. United States,* 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  *Lynn*, 365 F.3d at 1239.

A.  Failure to file an appeal

Defendant alleges that she wished to appeal her sentence, but was advised by counsel that she should forego her appeal in hopes that the government would move for a Rule 35 sentence reduction.  If a defendant specifically instructs her attorney to file a notice of appeal, a lawyer who disregards this instruction acts in a manner that is professionally unreasonable.  *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000) (citing *Rodriguez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999)).  Since a defendant whose lawyer fails to file an appeal upon request has been denied an entire judicial proceeding, prejudice is presumed and the defendant is entitled to a belated appeal.  *Id.*  However, in cases where a defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, the question whether counsel has performed deficiently by not filing a notice of appeal is analyzed as follows:

> [T]he question . . . is best answered by first asking a separate, but
> antecedent, question: whether counsel in fact consulted with the defendant
> about an appeal.  We employ the term "consult" to convey a specific
> meaning - advising the defendant about the advantages and disadvantages
> of taking an appeal, and making a reasonable effort to discover the
> defendant's wishes.  If counsel has consulted with the defendant, the
> question of deficient performance is easily answered; Counsel performs in
> a professionally unreasonable manner only by failing to follow the
> defendant's express instructions with respect to an appeal.  *See supra* 1034-
> 1035.  If counsel has not consulted with the defendant, the court must in turn
> ask a second, and subsidiary, question: whether counsel's failure to consult
> with the defendant itself constitutes deficient performance.

*Flores-Ortega,* 528 U.S. at 478, 120 S.Ct. at 1035.  Here, the defendant's explains in her affidavit that she expressed her desire to appeal to counsel, but that he advised her against doing so because it could jeopardize her chances of her receiving a Rule 35 sentence reduction.  She admits that although she believed she had meritorious claims to appeal, she "followed [her] lawyer's advice and did not."  This admission is corroborated by counsel's affidavit in which he states that he "carefully followed the instruction of [his] client not to file the appeal at her expressed request after a careful and thorough discussion of her rights and the potential risks."  (Doc. 37, exh. 1 at 2).  The "risk," of course, is that filing an appeal could be construed as counter to an intent to cooperate or accept responsibility, which would make the government less likely to file a substantial assistance motion, while forgoing an appeal could be interpreted as a sign of "good faith." See, e.g., *Khan v. United States*, 2000 WL 1738414 (S.D.N.Y. 2000).

The defendant in *United States v. Voltl*., 2005 WL 1563204 (N.D. Ill. 2005) raised the identical claim raised by the defendant in this case.  The *Voltl* court circumvented the question of whether counsel's advice to forgo an appeal in hopes of receiving a Rule 35 was deficient, by instead considering the issues defendant would have raised on appeal and finding them to be without merit.  In the case at bar, defendant does not state which issue or issues she would have appealed.  The only objection raised by the defense at sentencing that affected the guidelines range was the two level adjustment for a co-conspirator's possession of a firearm during the conspiracy.  For the adjustment to apply, the government need only prove by a preponderance of the evidence that: (1) the

possessor of the firearm was a co-conspirator; (2) the possession was in furtherance of the conspiracy; (3) the defendant was a member of the conspiracy at the time of possession; and (4) the co-conspirator possession was reasonably foreseeable by the defendant. *United States v. Suarez*, 313 F.3d 1287, 1294 (11ᵗʰ Cir. 2002).  Under the facts of this case as set forth in the PSR and at sentencing, the adjustment was well-founded, and an appeal of the adjustment would not have been likely to succeed.

The government's suggestion that defendant's claim of ineffective assistance of counsel is a direct response to her disappointment with the government's decision not to file a substantial assistance motion on her behalf appears to be on target.  Because defendant concedes that she made a reasoned decision not to appeal based on advice of counsel, she has failed to establish that counsel's performance was constitutionally deficient in any respect, and she is not entitled to relief.

B.  Government induced defendant to relinquish her right to appeal

The defendant's second ground for relief is closely related to the first ground.  She alleges that if counsel did not file a notice of appeal because the government falsely promised a Rule 35 in exchange for her waiving her right to appeal, then she was denied due process.  She asserts that "the only reasoned trial strategy counsel may have had for not filing the notice of appeal would be a promise [that a Rule 35 would be filed] (as opposed to mere wishful thinking) by the government." (Doc. 31, memorandum at 6 n.2). The claim that the defendant "waived" her right to appeal or that the government "promised" to file a Rule 35 motion is refuted by the language of the plea and cooperation agreement.  The standard paragraph in the plea and cooperation agreement states:

> If, in the **sole** discretion of the United States Attorney, the defendant is deemed to have provided substantial assistance in the investigation or prosecution of other persons who have committed offense, and has otherwise complied with all terms of this agreement, and such assistance is prior to sentencing or within the time provided by Rule 35, Federal Rules of Criminal Procedure, then the United States Attorney will file an appropriate substantial assistance motion.  Determination whether the defendant has provided substantial assistance will not depend upon any charges being field or convictions being obtained as a result of defendant's cooperation.  Should such a motion be filed, th United States Attorney may choose in his absolute

discretion to file a motion under Title 18 U.S.C. Section 3553, or under Sentencing Guidelines Section 5K1.1, or under both provisions.  Should a motion be filed, the granting of relief and the extent of relief is left solely to the discretion of the District Court.

(Doc. 18 at 8).  Paragraph 3(b)(4) also provides "regardless of the defendant's cooperation, and at the sole discretion of the United States Attorney, the defendant may be deemed not to have provided substantial assistance."  (Doc. 18 at 7).  Thus, in accordance with the terms of the agreement signed by defendant, the filing of any substantial assistance motion was undisputably discretionary with the United States Attorney, and the relief granted, if any, was discretionary with the District Court.  The plea agreement did not set forth a guarantee that such a motion would be filed.  It further states that the written document is the complete agreement between the defendant and the government, and that there are no other agreements between the United States Attorney's Office for the Northern District of Florida and the defendant.  (Doc. 18 at 9-10).  Counsel also stated in his affidavit that at not time did he promise the defendant that she would receive a Rule 35 "nor am I aware of anyone else making such a promise."  (Doc. 37, exh. 1 at 2).  Defendant's conclusory assertion that she was "induced" to waive her right to appeal does not entitle her to relief.

Based on the foregoing, it is respectfully RECOMMENDED:

The motions to vacate, set aside, or correct sentence (Case number 3:03cr135, doc. 31; case no. 3:04cr11, doc. 15) be DENIED.

At Pensacola, Florida, this 18th day of August, 2005.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).